William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250,
San Francisco, CA 94111
Phone: (415) 426-3000
Facsimile: (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Plaintiff Jane Doe LS 349*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>Honorable Charles R. Breyer<br><br>JURY TRIAL DEMANDED |
| This Document Relates to:<br><br>*Jane Doe LS 349 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05303-CRB | |

**SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff named below files this *Short-Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long-Form Complaint* in *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation,* MDL No. 3084 in the United States District Court for the Northern District of California. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order No. 11 of this Court.

Plaintiff selects and indicates by checking-off where requested, the Parties and Causes of Actions specific to this case.

Plaintiff, by and through their undersigned counsel, allege as follows:

## I. DESIGNATED FORUM[1]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

United States District Court, Northern District of California

("Transferee District Court").

## II. IDENTIFICATION OF PARTIES

### A. PLAINTIFF

1. *Injured Plaintiff:* Name of the individual who alleges they were sexually assaulted, battered, harassed, or otherwise attacked by an Uber driver with whom they were paired while using the Uber platform:

Jane Doe LS 349

("Plaintiff").

2. At the time of the filing of this *Short-Form Complaint*, Plaintiff resides at:

Arvada, Jefferson County, Colorado

3. (If applicable) _____ is filing this case in a representative capacity as the _____ of the _____, and has authority to act in this representative capacity because _____.

### B. DEFENDANT(S)

1. Plaintiff names the following Defendants in this action.

**[BEFORE PROCEEDING - PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION AND PRINCIPAL PLACE OF BUSINESS OR RESIDENCE OF EACH DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE AS THE PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF**

---

[1] *See* Pretrial Order No. 6, at II(C) (ECF No. 177).

**BUSINESS OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE]:**

☒ UBER TECHNOLOGIES, INC.;[2]

☒ RASIER, LLC;[3]

☒ RASIER-CA, LLC.[4]

☐ OTHER (specify): _____. This defendant's residence is in (specify state): _____.

**C.  RIDE INFORMATION**

1. The Plaintiff was sexually assaulted, harassed, battered, or otherwise attacked by an Uber driver in connection with a ride facilitated on the Uber platform in Denver County, CO on September 1, 2021.

2. The Plaintiff was the account holder of the Uber account used to request the relevant ride.

3. The Plaintiff provides the following additional information about the ride:

   **[PLEASE SELECT/COMPLETE ONE]**

   ☒   The Plaintiff hereby incorporates Plaintiff's disclosure of ride information produced pursuant to Pretrial Order No. 5 ¶ 4 on February 15, 2024 or to be produced in compliance with deadlines set forth in Pretrial Order No. 5 ¶ 4, and any amendments or supplements thereto.

   ☐   The origin of the relevant ride was [STREET ADDRESS, CITY, COUNTY, STATE].  The requested destination of the relevant ride was [STREET ADDRESS, CITY, COUNTY, STATE].  The driver was named [DRIVER NAME].

---

[2] Delaware corporation with a principal place of business in California.
[3] A limited liability company whose sole member, Uber Technologies, Inc., is a citizen of Delaware and California.
[4] A limited liability company whose sole member, Uber Technologies, Inc., is a citizen of Delaware and California.

### III. CAUSES OF ACTION ASSERTED

1. The Causes of Action asserted in the *Plaintiffs' Master Long-Form Complaint,* and the allegations with regard thereto in the *Plaintiffs' Master Long-Form Complaint,* are adopted in this *Short-Form Complaint* by reference, except that Plaintiff opts out of and excludes the causes of action specified below:

| Check any EXCLUDED causes of action | Cause of Action Number | Cause of Action |
|---|---|---|
| ☐ | I | NEGLIGENCE (including Negligent Hiring, Retention, Supervision, and Entrustment) |
| ☐ | II | FRAUD AND MISREPRESENTATION |
| ☐ | III | NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |
| ☒ | IV | COMMON CARRIER'S NON-DELEGABLE DUTY TO PROVIDE SAFE TRANSPORTATION[5] |
| ☐ | V | OTHER NON-DELEGABLE DUTIES TO PROVIDE SAFE TRANSPORTATION[6] |
| ☐ | VI | VICARIOUS LIABILITY FOR DRIVERS' TORTS – EMPLOYEE |
| ☐ | VII | VICARIOUS LIABILITY FOR DRIVERS' TORTS – APPARENT AGENCY |
| ☐ | VIII | VICARIOUS LIABILITY FOR DRIVERS' TORTS – RATIFICATION |
| ☐ | IX | VICARIOUS LIABILITY FOR DRIVERS' TORTS – Cal. Public Utilities Code § 535 |
| ☐ | X | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ☐ | XI | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ☐ | XII | STRICT PRODUCTS LIABILITY – PRODUCT LIABILITY ACTS |
| ☐ | XIII | UNFAIR COMPETITION LAW – Cal. Bus. & Prof. Code § 17200 et seq. |

---

[5] This claim is pleaded in the *Plaintiffs' Master Long-Form Complaint* under the laws of every state **except**: **Arizona, Colorado**, **District of Columbia**, **Illinois** (for incidents prior to August 11, 2023), **Michigan**, **Montana** (for incidents prior to April 23, 2023), **New York**, **Pennsylvania**, **Wisconsin**, and **Wyoming.**

[6] This claim is pleaded in *Plaintiffs' Master Long-Form Complaint* under the laws of every state **except**: **District of Columbia**, **Michigan**, **New York, Pennsylvania**.

## VI. ADDITIONAL CAUSES OF ACTION AND/OR ALLEGATIONS

> **NOTE**
>
> If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph __, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph __). In doing so you may attach additional pages to this *Short-Form Complaint*.

1. Plaintiff asserts the following additional theories against the Defendants designated in paragraph __ above:

   N/A

2. If Plaintiff has additional factual allegations not set forth in *Plaintiffs' Master Long-Form Complaint*, they may be set forth below or in additional pages:

   N/A

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants for economic and non-economic compensatory and punitive and exemplary damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper, and such further relief as the Court deems equitable and just, and as set forth in *Plaintiffs' Master Long-Form Complaint*.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: April 10, 2024                                        Respectfully Submitted,

                                                            /s/ William A. Levin
                                                            _____
                                                            William A. Levin
                                                            *Attorney for Plaintiff Jane Doe LS 349*

### CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I electronically filed the above document with the Clerk of Court using the CM/ECF system which automatically sends notification of the filing to all counsel of record. In addition, the foregoing was served on Defendants' counsel via email at: MDL3084-service-Uber@paulweiss.com.

By: */s/ William A. Levin*